## *Ex parte* F. C. MINGLE.

No. A-274.   Opinion Filed September 25, 1909.

(104 Pac. 68.)

1.   HABEAS CORPUS—Nature of Writ—Constitutional Guaranty. Section 10 of the Bill of Rights provides: "The privilege of the writ of habeas corpus shall never be suspended by the authorities of this state." Held, that the writ of *habeas corpus* is a writ 'of right, and cannot be abrogated or its efficiency impaired by statute, and the cases within the relief afforded by the writ at common law' cannot be placed beyond its reach under the constitutional guaranty.

2.   CONSTITUTIONAL LAW—Deprivation of Liberty—Imprisonment Pending Appeal from 'Life Sentence. The act of criminal procedure of Oklahoma (Wilson's Rev. & Ann. St. 1903, sec. 5771; Sess. Laws 1905, p. 334, c. 29, art. 2, sec. 1) provides that upon conviction and sentence for a crime punishable by death or imprisonment for life the crime is not bailable, and that in all cases where the sentence is for a crime not bailable the appeal shall suspend execution, until the matter is determined and the defendant in the meantime shall be confined to the state prison.

Held, upon petitioner's demurrer to respondent's answer and return showing conviction and sentence to imprisonment for life, commitment issued, and appeal taken, that said provision does not disparage any substantial rights or constitutional guaranty, and is not repugnant to or inconsistent with the Constitution of Oklahoma.

3. **HABEAS CORPUS—Scope of Writ—Irregular Conviction—Jurisdiction.** If the judgment and sentence or commitment under which a defendant is restrained is irregular or erroneous merely, and the court rendering the judgment and issuing the commitment had jurisdiction to render such judgment and issue the commitment, the Criminal Court of Appeals will not interfere by writ of habeas corpus.

4. **TRIAL—Absence of Judge.** Upon an agreed statement of facts showing that during the progress of the trial the trial judge at divers times during adjournments before the final submission of the case to the jury left Oklahoma county and went to Canadian county, but was present the entire time the jury were deliberating of their verdict, held, that the absence of the trial judge during the adjournments could in no way affect the legality of the proceedings, and did not deprive the court of the power or jurisdiction to render judgment and issue process for the imprisonment of the defendant. **In re Patswald,** 5 Okla. 789, 50 Pac. 139, distinguished.

• (Syllabus by the Court.)

*Habeas corpus* on petition of Forest Cecil Mingle. Writ denied.

*Giddings & Giddings* and *Ross N. Lillard,* for petitioner.

*E. E. Reardon,* County Atty., for respondent.

DOYLE, JUDGE. The petitioner, Forest Cecil Mingle, was tried and convicted in the district court of the Thirteenth judicial district, sitting in and for Oklahoma county, of the crime of murder, and sentenced to be imprisoned in the state penitentiary at hard labor for the term of his natural life. The petition avers that all of the proceedings under which he was tried and convicted were *coram non judice,* and void, and that he is deprived of his liberty without due process of law. The answer and return to the writ show that the petitioner is held by H. D. Garrison, sheriff of Oklahoma county, under commitment, containing a certified copy of the entry of the judgment and sentence in said case. The

defendant interposed a demurrer to the answer and return of respondent on the ground that the law, which provides that, after conviction and sentence for a crime punishable by death or by imprisonment for life in the state penitentiary, the crime is not bailable, and that in all cases where the sentence is for a crime ·not bailable the appeal shall suspend execution until the matter is determined by the Criminal Court of Appeals, and the defendant in the meantime shall be confined to the state prison (Wilson's Rev. & Ann. St. 1903, § 5771; Sess. Laws 1905, p. 334, c. 29, art. 2, § 1), is unconstitutional, in this, that it deprives petitioner of his liberty by confining him in the state penitentiary pending his appeal to this court.

The argument of counsel for petitioner is: That this provision of the laws of Oklahoma Territory is repugnant to the Constitution, and did not become a part of the law of this state. But no particular provision of the Constitution inconsistent therewith has been pointed out. We cannot agree with counsel in their contention. The Constitution grants power to the legislative branch of the government to provide by proper legislation the manner in which appeals in criminal cases may be taken. The language of the law is plain and unambiguous, and provides that the appeal shall suspend execution until the matter is determined upon the appeal, and the defendant in the meantime shall be confined in the state prison. The defendant is entitled to the advantage of every right which the law secures to him before his conviction is made final. He has the right of appeal, and in this class of crimes, while his appeal is pending although confined in the penitentiary, it is his privilege not to be held at hard labor. To this extent only the pendency of his appeal stays the execution of the judgment and sentence. We do not see that this provision of the law deprives the petitioner of any constitutional right. The offense is not bailable, and he stands committed by a court of competent jurisdiction. The demurrer is therefore overruled. It is, however, apparent from the record before this court that there is a defect in the judgment

and sentence. It does not include imprisonment at hard labor, the penalty prescribed by the law. This should be corrected by a *nunc pro tunc* order.

The cause was submitted on an agreed statement of facts. The pertinent part is set forth in the fourth and sixth paragraphs, as follows:

"Fourth. That during the progress of said cause and on the 16th day of July, 1909, and at other times, the district judge presiding in said cause, John J. Carney, left Oklahoma City, where said cause was being tried, after adjourning court for the day, and went to Canadian county, and that upon several occasions during the trial of said cause, which commenced upon the 28th day of June, 1909, and ended on the 17th day of July, 1909, the said district judge was absent from the county of Oklahoma and in Canadian county, Oklahoma; and that at the time that the said judge John J. Carney was absent from the county of Oklahoma during the trial of said cause it was after the adjournment or suspension of the functions of the jury and the court in said cause."

"Sixth. There was no court in session in Canadian during the progress of this said trial, and during the entire time the jury in the aforesaid case were deliberating the judge of the district court, John J. Carney, was present, and could have been reached by the said jury at any time they could have wanted his presence."

The primary proposition presented in this cause is that of the function of a writ of *habeas corpus*, where the petitioner stands committed on a final judgment of conviction by a court of competent jurisdiction. Section 4867, Wilson's Rev. & Ann. St. 1903, provides:

"No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following: * * * Second. Upon any process issued on any final judgment of a court of competent jurisdiction." * * *

It is obvious that the proposition presented is not open for consideration in a *habeas corpus* proceeding. This court will not look beyond the judgment in *habeas corpus* proceedings, except

when the question of power or want of jurisdiction is raised. Other questions must be tested on appeal or writ of error.

Counsel for petitioner seem to rely upon and earnestly argue that the doctrine announced by the Supreme Court of the Territory in the case of *In re Patswald*, 5 Okla. 789, 50 Pac. 139, is directly the contrary of the views herein expressed. The holding of the Territorial Supreme Court in that case meets the approval of this court, but that case is clearly distinguished from the case at bar. In the Patswald Case the agreed statement of facts shows that at the November term, 1895, of the district court of Oklahoma county, the petitioner was tried for the crime of perjury; that on the 21st day of December, 1895, the cause was submitted to the jury, and they retired in charge of bailiffs to deliberate and consider of their verdict; that the court upon the retirement of the jury adjourned until the 23d inst.; that on the 23d it adjourned until the 24th, when the court was again adjourned until the 26th. When the court was adjourned on December 24th, Judge Scott, the presiding judge, immediately left Oklahoma City and went to Norman, in Cleveland county, and there opened an adjourned term of the district court of Cleveland county, and there transacted a large amount of business. On December 26th Judge Scott returned to Oklahoma City, opened court, and received the verdict of the jury in this case. During all the time the presiding judge was absent from Oklahoma City, the jury remained in charge of the bailiffs and in consideration of the case, and were deliberating upon the case and of their verdict. Mr. Justice Tarsney, delivering the opinion of the court, in part says:

"We concede the correctness of the proposition of counsel 'that a judge has power to adjourn his court from time to time, and nothing that he does in the interval can have the effect of depriving him of the power of holding his court when the recess expires.' That proposition is not involved here. It is not necessary to review authorities to show that Judge Scott, when he returned to Oklahoma City on December 26th, might have resumed business and taken up any other matters then pending in

his court. We concede this, and we concede that the presiding judge need not sit at his bench or remain in a courtroom while a jury are deliberating of a verdict. He may take a recess or adjourn as to all other business from day to day, or for rest or refreshment, but he cannot suspend the functions of the court as to the case of which the jury are deliberating. He need not remain actually on the bench or in the courtroom, but he must remain where he may exercise his functions as a court; that is, at the place where the court is by law required to be held. He cannot be at another place or engaged in another business which precludes the exercise of such functions. Section 5242 of our Statutes of 1893 provides: 'While the jury are absent the court may adjourn from time to time as to other business, but it is nevertheless deemed open for every purpose connected with the cause submitted to them, until a verdict is rendered or the jury discharged.' The court cannot be adjourned or its functions suspended as to the cause submitted to the jury."

And in conclusion says:

"This court takes judicial knowledge that Oklahoma county is in the Third judicial district; that the district is composed of the counties of Oklahoma, Cleveland, and Pottawatomie; that Hon. Henry W. Scott was the presiding judge of said district. There is but one district court and one district judge in the district. Courts cannot be held in two counties in the same district simultaneously. *In re Millington,* 24 Kan. 214; *In re Dossett,* 2 Okla. 369, 37 Pac. 1071. A court cannot be actually in session in one county and constructively in session in another at the same time. When the district court of Cleveland county was open and transacting business on December 24, 1895, it was not and could not be open for any purpose in Oklahoma county at the same time. The action of the judge in leaving the place where the court could be held for the trial of the cause suspended the functions of the court in the cause to the substantial prejudice of the defendant, closed the court in violation of the statute which required it to be kept open until the jury had returned a verdict or until they should be discharged, and thereby, by operation of law, discharged the jury, and, in our opinion, all the subsequent proceedings in the cause were *coram non judice,* and void."

Under the territorial rule two terms of a district court could not be held in one district on the same day, and, when Judge

Scott convened court in Cleveland county, the term in Oklahoma county became adjourned by operation of law while the jury were deliberating upon their verdict, and therefore further proceedings in the case were extrajudicial and void.

In the case of *In re Millington, supra,* Mr. Justice Brewer, delivering the opinion of the court, said:

"The organic law of the state provides for one district judge in each judicial district, to be elected by the people of the district. Const. art. 3, § 5. * * * The commencement of a term is a legislative command to the elected judge to be present and discharge the judicial duties devolving upon him in that county. It operates as a suspension of his duties in all other counties in his district, and suspends or closes the terms in those counties. * * * And the Legislature by terms name the time of his attendance. Impliedly, thereby commanding him to attend in one county, it equally commands him to leave all the others. The case of *Grable v. State,* 2 G. Greene (Iowa) 559, is strongly in point. Under similar provisions, the Supreme Court of Iowa there held that the term in one county was closed on the day the term was by law to commence in another. It says: 'From the constitution of our judicial system it is apparent that the court cannot be held in two counties in the same district on the same day, and by one and the same judge.' So we say here there is but one district court and one district judge in a district. The officer is not to be duplicated, and, when a term commences in one county, the court everywhere else in the district is closed or suspended."

The Constitution of the state of Oklahoma has no provision similar to those construed in the foregoing cases. The provision of the state Constitution is as follows:

"Whenever the public business shall require it, the Chief Justice may appoint any district judge of the state to hold court in any district, and two or more district judges may sit in any district separately at the same time." (Const. art. 7, § 9.)

In the case of *In re Dossett,* 2 Okla. 369, 37 Pac. 1066, Mr. Justice Scott has well said that:

"Courts in all civilized countries are instituted for the dispatch of public business, and are not to be circumscribed by legal technicality, in this rapid commercial era, by the rusty usages

of the past, but, adapting themselves to the progressive march of civilization, must conform their rules of procedure to meet the necessities of the age."

By reason and authority, the objections urged by the petitioner against the legality of his trial must be decided against him. This court takes judicial knowledge that Oklahoma county and Canadian county comprise the Thirteenth judicial district, and that said district has two regular divisions under the Constitution. The fact that the trial judge visited his home within the district during adjournments prior to the final submission of the case to the jury could in no way affect the legality of the proceedings. The presence of the trial judge was not essential during the adjournments. It follows that petitioner is lawfully imprisoned under said judgment and sentence.

Therefore the application and writ of *habeas corpus* will be denied.

FURMAN, Presiding Judge. and OWEN, Judge, *concur*.