*Ex parte* FRANK HAIKEY.

No. A-238.    Opinion Filed October 18, 1909.

(104 Pac. 377.)

**CONSTITUTIONAL LAW—Deprivation of Liberty—Imprisonment Pending Appeal.** The act of criminal procedure of Oklahoma (Wilson's Rev. & Ann. St. 1903. sec. 5771; Sess. Laws 1905, p. 334, c. 29, art. 2, sec. 1) provides that, upon conviction and sentence for a crime punishable by death or imprisonment for life, the crime is not bailable, and that in all cases where the sentence is for a crime not bailable the appeal shall suspend execution until the matter is determined and the defendant in the meantime shall be confined to the state prison. Held, upon petitioner's demurrer to respondent's answer and return showing conviction and sentence to imprisonment for life. commitment issued and appeal taken, that said provision does not disparage any substantial rights of constitutional guaranty and is not repugnant to or inconsistent with the Constitution of Oklahoma.

(Syllabus by the Court.)

Original application by Frank Haikey for writ of *habeas corpus*. Writ denied.

This is an original application for writ of *habeas corpus* filed by the petitioner, Frank Haikey, in this court on July 6, 1909. On November 10, 1908, the petitioner was convicted in the district court of Creek county, Okla., of murder and sentenced to life imprisonment in the penitentiary, and thereafter prosecuted his

appeal to this court where the same is now pending undetermined as case No. A-238. He was removed from the county jail of Creek county to the state penitentiary, and is now confined therein for safe-keeping, by the respondent R. W. Dick, warden. The petition herein is not verified, but petitioner asks that he be remanded to the county jail of Creek county pending the decision of this court in review of the judgment appealed from.

*Robertson, Kean & Bohannon,* for petitioner.

*Charles West,* Atty. Gen., and *Chas. L. Moore,* Asst. Gen., for the State.

PER CURIAM (after stating the facts as above). The question here presented has been decided adversely to the contention of the defendant in *Ex parte Mingle* (decided at the present term of this court), 2 Okla. Cr. 708, 104 Pac. 68, Judge Doyle, speaking for the court, said:

"The defendant interposed a demurrer to the answer and return of respondent on the ground that the law which provides that, after conviction and sentence for a crime punishable by death or by imprisonment for life in the state penitentiary, the crime is not bailable, and that, in all cases where the sentence is for a crime not bailable, the appeal shall suspend execution until the matter is determined by the Criminal Court of Appeals, and the defendant in the meantime shall be confined to the state prison (Wilson's Rev. & Ann. St. 1903, § 5771; Sess. Laws 1905, p. 334, c. 29, art. 2, § 1), is unconstitutional, in this: that it deprives petitioner of his liberty by confining him in the state penitentiary pending his appeal to this court. The argument of counsel for petitioner is: That this provision of the laws of Oklahoma Territory is repugnant to the Constitution and did not become a part of the law of this state. But no particular provision of the Constitution inconsistent therewith has been pointed out. We cannot agree with counsel in their contention. The Constitution grants power to the legislative branch of the government to provide by proper legislation the manner in which appeals in criminal cases may be taken. The language of the law is plain and unambiguous, and provides that the appeal shall suspend execution until the matter is determined upon the appeal, and the defendant in the meantime shall be confined in the state prison. The defendant is entitled to the advantage of every right which

the law secures to him before his conviction is made final. He has the right of appeal, and in this class of crimes, while his appeal is pending, although confined in the penitentiary, it is his privilege not to be held at hard labor. To this extent only the pendency of his appeal stays the execution of the judgment and sentence. We do not see that this provision of the law deprives the petitioner of any constitutional right. The offense is not bailable, and he stands committed by a court of competent jurisdiction. The demurrer is therefore overruled."

The writ of *habeas corpus* is denied.