## *Ex parte* FLOYD WOODS.

No. A-1589. Opinion Filed August 10, 1912.

(125 Pac. 440.)

1. **HABEAS CORPUS—Grounds—Jurisdiction of Trial Court.** Where a prisoner in custody under sentence of conviction seeks to be discharged on habeas corpus, the inquiry is limited to the question whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged; and, if the trial court had jurisdiction and power to convict and sentence, the writ cannot issue to correct mere errors.

2. **SAME—Defect in Indictment or Information.** A discharge from imprisonment under a criminal conviction cannot be granted on habeas corpus, because the indictment or information was defective.

3. **SAME—Irregularities.** Habeas corpus does not lie to correct mere irregularity of procedure where there is jurisdiction. When the trial court has jurisdiction, errors in its proceeding can only be reviewed on appeal.

(Syllabus by the Court.)

Application by Floyd Woods for writ of *habeas corpus*. Denied.

*G. T. Ralls,* for petitioner.

DOYLE, J. This is a petition for a writ of *habeas corpus*. The petition is filed for the purpose of setting at liberty Floyd Woods. It is alleged in the petition that Floyd Woods is illegally restrained of his liberty, and is unlawfully imprisoned in the penitentiary at McAlester, by virtue of an unlawful and illegal judgment and sentence of conviction in the district court of Coal county.

It appears from the petition that Floyd Woods was, on April 30, 1910, indicted by the grand jury of Coal county for the crime of grand larceny. A plea of not guilty was entered, and Woods was, on the 16th day of March, 1911, placed upon trial upon this indictment in said district court. On the same day the jury returned their verdict, as follows:

"We, the jury, drawn, impaneled, and sworn in the above entitled cause, do upon our oaths find the defendant, Floyd Woods, guilty as charged in the indictment herein, but cannot agree upon the punishment."

And on the same day petitioner was sentenced to serve a term of eighteen months in the penitentiary.

The indictment, a copy of which was attached to the petition, charged that:

"One Floyd Woods and Oran Wright, did commit the crime of grand larceny in the manner and form as follows, to wit: That they, the said Floyd Woods and Oran Wright, did then and there unlawfully, willfully, fraudulently, and feloniously take, steal, and carry away, by stealth and by fraud and by force, from and out of the possession of one Jeff Wood, and without his consent, one certain red heifer yearling calf, unbranded and unmarked, said calf being then and there the property of him, the said Jeff Wood, with the unlawful and felonious intent on the part of them, the said Floyd Woods and Oran Wright, then and there to deprive him, the said Jeff Wood, of said property, and to appropriate and convert the same to the use and benefit of them, the said Floyd Woods and Oran Wright."

The judgment, a copy of which was attached to the petition, is that the defendant is guilty of grand larceny; and the record shows that a commitment issued on the judgment, directing the sheriff of Coal county to take and deliver said Woods to the warden of the penitentiary at McAlester. He was so delivered on December 12, 1911. The petition also contains a certificate of the clerk of said district court "that the 16th day of March, 1911, the same being the day on which Woods was convicted and sentenced to the penitentiary, was not the last day of the term of court."

It is further alleged that said district court was without jurisdiction in the premises: First. Because "said indictment charges your petitioner with the crime of grand larceny, but does not allege any value of the property alleged to have been stolen." Second. That "your petitioner was convicted of the crime of grand larceny under said indictment, and was on the same day sentenced to the penitentiary for the term of eighteen

months, and that no waiver of time for sentence was made by your petitioner."

Argument upon the petition for said writ was had, and the writ was refused.

Where a prisoner in custody under sentence of conviction seeks to be discharged on *habeas corpus,* the law is well settled that the inquiry is limited to the question whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged. And if the trial court had jurisdiction and power to convict and sentence, the writ cannot issue to correct mere errors. *Ex parte Wilkins, infra,* 115 Pac. 1118.

"The writ of habeas corpus is not designed for the correction of errors or mere irregularities, and cannot be substituted for an appeal or writ of error. And where a petitioner is imprisoned under a judgment of conviction for crime, unless the court was without jurisdiction to render the particular judgment, and the judgment is void and not merely voidable, relief cannot be had by *habeas corpus,* however numerous and gross may have been the errors committed during the trial, or in the proceedings preliminary thereto." (*In re Talley,* 4 Okla. Cr. 398, 112 Pac. 36, 31 L. R. A. [N. S.] 805, and cases therein cited.)

It is contended on behalf of petitioner that the facts, if true, which are alleged in the indictment do not constitute a felony under our Criminal Code. This contention is destitute of merit. Larceny is definded by our statutes as follows: Section 2591, Comp. Laws 1909, provides:

"Larceny is the taking of personal property accomplished by fraud or stealth, and with intent to deprive another thereof."

Section 2593 provides:

"Larceny is divided into two degrees; the first of which is termed grand larceny, the second, petit larceny."

Section 2594 provides:

"Grand larceny is larceny committed in either of the following cases: 1. When the property taken is of value exceeding twenty dollars. 2. When such property, although not of value exceeding twenty dollars in value, is taken from the person of another. Larceny in other cases is petit larceny."

Section 2595 provides:

"Grand larceny is punishable by imprisonment in the state prison not exceeding five years."

Section 2606 provides:

"That if any person shall steal any stallion, mare, colt, gelding, ridgeling, or any ass, genet, or mule, or any bull, cow, calf, steer, or stag, he shall be guilty of a felony and on conviction. thereof, shall be punished by confinement in the state penitentiary for a term of not less than one nor more than ten years."

The only difference between the crime of stealing a domestic animal under section 2606, *supra,* and larceny under the general statute is that this provision abolishes the degrees of the crime and makes the stealing of any of the domestic animals therein. named a felony, without regard to the amount of their value.

In the case of *Crowell v. State,* 6 Okla. Cr. 148, 117 Pac. 883, this court said:

"When a prosecution is predicated upon section 2606, to support a conviction, the ownership of the animals stolen must be alleged and proved; and it is necessary to allege and prove a. felonious intent on the part of the taker to deprive the owner thereof, and to convert the same to his (the taker's) own use, which specific proof is not necessary to support a conviction under the general larceny statute. That was done in this case. The allegation of value in the information is not material, and may be rejected as mere surplusage, which does no harm. * * * The words 'grand larceny,' mistakenly used in entering judgment,. could not in any way have misled or injured the defendant."

A discharge from imprisonment under a criminal conviction cannot be granted on *habeas corpus* because the indictment or information was defective.

In the case of *In re Eckart, Petitioner,* 166 U. S. 481, 17 Sup. Ct. 638, 41 L. Ed. 1085, Mr. Justice White, delivering the opinion of the court, says:

"In its decision refusing the writ applied for by Eckart, the Supreme Court of Wisconsin held that, while the conviction under the sentence in question was erroneous, the error in passing sentence was not a jurisdictional defect, and the judgment was, therefore, not void. In this view we concur. The court had jurisdiction of the offense charged, and of the person of the accused. The verdict clearly did not acquit him of the crime with which he was charged, but found that he had committed an offense

embraced within the accusation upon which he was tried. It was within the jurisdiction of the trial judge to pass upon the sufficiency of the verdict and to construe its legal meaning; and if in so doing he erred, and held the verdict to be sufficiently certain to authorize the imposition of punishment for the highest grade of the offense charged, it was an error committed in the exercise of jurisdiction, and one which does not present a jurisdictional defect, remediable by the writ of *habeas corpus.*"

Under article 7 of the Constitution, which article treats of the judicial department, the district courts of the state have no jurisdiction in misdemeanor cases; and when an indictment for a misdemeanor is 'returned therein the district court must order the indictment transferred to the court having jurisdiction to try and determine the same.

The indictment here correctly charged a felonious larceny of live stock, except for the erroneous use of the term "grand larceny"; and, if the trial court erred in the same manner in its judgment, such error can only be reviewed upon appeal in this court, and not by *habeas corpus.* As the district court of Coal county had jurisdiction to pronounce the judgment of conviction against the petitioner, it follows that the judgment is not void.

The question whether or not the court appointed a time for pronouncing judgment, as prescribed by sections 6901 and 6902 (Comp. Laws of 1909) of the Code of Criminal Procedure, can only be reviewed upon appeal in this court. *Habeas corpus* does not lie to correct mere irregularity of procedure where there is jurisdiction.

For the reasons stated, the writ of *habeas corpus* was and is refused.

FURMAN, P. J., and ARMSTRONG, J., concur.