*Ex parte* ED HERRING

No. A-3091—Opinion Filed July 12, 1919.

(182 Pac. 252.)

HABEAS CORPUS—Scope of Inquiry—Jurisdiction. Where a prisoner in custody under sentence of conviction seeks to be discharged on habeas corpus, the inquiry is limited to the question whether the court in which the prisoner was convicted had jurisdiction of the crime charged; and, if the trial court had jurisdiction and power to convict and sentence, the writ cannot issue to correct mere errors.

Petition of Ed Herring for writ of *habeas corpus.* Writ denied.

*John H. Venable,* for petitioner.

*R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. This is a petition for writ of *habeas corpus* filed in this court on August 1, 1917. Petitioner, Ed Herring, alleges:

That he is imprisoned and restrained in the penitentiary at Granite by virtue of an unlawful and illegal judgment and sentence of conviction in the district court of Grady county; that on the 19th day of May, 1917, petitioner was arrested on a complaint filed before a justice of the peace in and for the city of Chickasha, the charging part of which complaint is as follows:

"Did then and there, willfully and unlawfully, knowingly and feloniously have in his possession a certain forged check in words and figures as follows, to wit:

"'Chickasha, Okla., May 15, 1917.
"'The Oklahoma National Bank, pay to order of Henry Mitchell, or order $25.00 twenty-five dollars.
"'(Signed)                              Fred Jelks.'

"Indorsed on back: 'Henry Mitchell.'

"Which he, the said Ed Herring, alias Henry Mitchell, well knew to be forged, and counterfeited, and which said check, the said Ed Herring, alias Henry Mitchell, offered to pass and utter as true and genuine to the Oklahoma National Bank, for the consideration of said check, to wit, $25.00, with the felonious intent then and there upon the part of him, the said Ed Herring, alias Henry Mitchell, to cheat, wrong and defraud the said Fred Jelks out of the sum of $25.00."

A certified copy of which complaint is attached and made a part hereof.

That petitioner on the preliminary examination held by said justice of the peace was bound over to await the action of the district court of Grady county, as shown by the indorsement on the complaint hereto attached, for the crime of forgery. That thereafter on the 25th day of May, 1917, the county attorney of Grady county filed an information in the district court of Grady county on the charge of

"attempting to pass forged check," the charging part of which information reads as follows:

"That on or about said day and date and in said county and state, the said Ed Herring, alias Henry Mitchell, then and there being, did then and there willfully, unlawfully, and knowingly and feloniously have in his possession a certain forged check in words and figures as follows, to wit:

" 'Chickasha, Okla., May 18, 1917.

" 'The Oklahoma National Bank, pay to the order of Henry Mitchell, or order, $25.00, twenty-five dollars.

" '(Signed)               Fred Jelks,'

"Indorsed on back: 'Henry Mitchell.'

"Which he, the said Ed Herring, alias Henry Mitchell, well knew to be forged and counterfeited, and which said check the said Ed Herring, alias Henry Mitchell, offered to pass for the consideration of said check, to wit, $25.00, with the felonious intent then and there upon the part of him, the said Ed Herring, alias Henry Mitchell, to cheat, wrong and defraud the said Fred Jelks out of the sum of $25.00, contrary to," etc.

A certified copy of said information is hereto attached, made a part hereof.

That thereafter on the 26th day of May, 1917, petitioner entered a plea of guilty to the charge preferred against him in said information, and was by the district court of Grady county sentenced to one year in the penitentiary at Granite. A copy of the judgment and sentence is herewith attached and made a part hereof.

It is further alleged that the restraint by the warden of the state penitentiary is illegal and unauthorized, for the following reasons:

That the said complaint filed before the justice of the peace fails to state facts sufficient to charge petitioner

with any crime known to the law; that said justice of the peace in issuing a warrant on said complaint, and in holding petitioner to await the action of said district court, was without jurisdiction or authority, and the district court of Grady county acquired no jurisdiction of either the subject-matter or the person of petitioner; that the ju·· ment and sentence of the court under which the warden of the penitentiary holds petitioner is null and void, and gives said warden no authority whatever to hold petitioner.

Petitioner further alleges that the information filed in the district court fails to state facts sufficient to show that any crime known to the law has been committed, or that petitioner has committed any crime against the laws of the state of Oklahoma; that said information and the complaint each attempts to charge petitioner with the crime of uttering a forged instrument, but each fails to state sufficient facts to show that any crime known to the law has been committed, or that petitioner was guilty of any offel.se against the laws of the state of Oklahoma; that for that reason the judgment and sentence passed on said information is null and void.

Petitioner further represents that he is a minor, 16 years of age, and that, while he pleaded guilty to the charge as set out in said information, he is not guilty of the commission of any crime.

Argument upon the petition for said writ was had on August 25, 1917, and the writ was refused.

Section 4893, Rev. Laws 1910, provides:

"No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody,

or discharge him when the term of commitment has not expired in either of the cases following:

"First. * * *

"Second. Upon any process issued on any final judgment of a court of competent jurisdiction; or

"Third. * * *

"Fourth. Upon a warrant or commitment issued from the district court or any other court of competent jurisdiction, upon an indictment or information."

The general rule is that the writ of *habeas corpus* may not be used either before or after conviction to test the sufficiency of an indictment or information. If the district court had jurisdiction to pronounce the judgment, it cannot be reviewed on *habeas corpus.*

The contention of counsel for petitioner that neither the original complaint nor the information filed in the district court charges an offense, is without merit. The court had jurisdiction over the offense charged and over the person of the defendant. Irregularity, if any, in the proceedings had upon the preliminary examination should have been raised by a motion to quash, or motion to set aside the information.

In the case of *Ex parte Woods,* 7 Okla. Cr. 645, 125 Pac. 440, it is said, where a prisoner in custody under sentence of conviction seeks to be discharged on *habeas corpus,* the law is well settled that the inquiry is limited to the question whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged. And if the trial court had jurisdiction and power to convict and sentence, the writ cannot issue to correct mere errors.

In *Re Talley,* 4 Okla. Cr. 398, 112 Pac. 36, 31 L. R. A. (N. S.) 805, it is said:

"The writ of *habeas corpus* is not designed for the correction of errors or mere irregularities, and cannot be substituted for an appeal or writ of error. And where a petitioner is imprisoned under a judgment of conviction for crime, unless the court was without jurisdiction to render the particular judgment, and the judgment is void and not merely voidable, relief cannot be had by *habeas corpus*, however numerous and gross may have been the errors committed during the trial or in the proceedings preliminary thereto."

For the reasons stated, the writ of *habeas corpus* is denied.