Ex parte MAJOR DUNN.

No. A-5861. Opinion Filed Jan. 18, 1926.
(242 Pac. 574.)

Hugh M. Bland and H. B. Teehee, for petitioner.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for respondent.

DOYLE, J. The petition for writ of habeas corpus shows that in September, 1925, in the district court of Cherokee county, the petitioner was convicted of abandonment as defined in chapter 78, Session Laws 1923, and was sentenced by the court to imprisonment in the state penitentiary for a term of ten years. It is averred that his imprisonment is unlawful for the following reasons:

"First, that said district court did not have jurisdiction to render the judgment involved for the reason that at the time of the commission of the offense charged

the same was a misdemeanor, over which the county court of Cherokee county had exclusive jurisdiction.

"Second, if it be determined that said district court had jurisdiction of the subject-matter, the said court did not acquire jurisdiction of the person of your petitioner necessary and requisite to proceed with the trial and determination of the case, for the reason that no information was filed by the proper authority in the district court to give such jurisdiction as required by law."

It appears from the record that on August 18, 1923, a complaint was filed in the county court charging petitioner with abandonment of his wife, Lula Dunn, and their two minor children, Major Dunn, Jr., three years of age, and Pauline Dunn, one year of age. On August 22, 1923, a warrant issued on the complaint and the petitioner was arrested. On December 17, 1923, an information was filed in the district court of Cherokee county, charging the offense of abandonment and desertion. On January 26, 1924, a preliminary hearing was had before the county judge. On February 1, 1924, the original information was refiled in the district court. In September, 1924, a trial was had which resulted in the judgment and sentence.

The information filed in the district court in substance charges that in Cherokee county on the 28th day of November, 1921, Major Dunn did then and there, without good cause or excuse, willfully and unlawfully abandon his wife and their two minor children, and neglects and refuses to maintain or provide for the said wife and children since the 28th day of November, 1921, and that by reason of said abandonment, desertion, and neglect, and refusal to maintain and to provide for her and their said minor children, the said Lulu Dunn and said minor children are in destitute and necessitous circumstances and have no means of support.

The offense defined by the statute is a continuing offense, and is properly charged by a continuando as alleged

in the original complaint and in the information filed in the district court.

"A continuing offense is a transaction or a series of acts set on foot by a single impulse, and operated by an unintermittent force, no matter how long a time it may occupy." Wharton, Cr. Pl. 474.

The amendatory act was approved and became effective March 28, 1923, and was in effect more than five months before the original complaint was filed.

It is a well-settled general rule that a writ of habeas corpus cannot be invoked as a means of correcting errors or irregularities, or as a substitute for an appeal or writ of error. There must be illegality or irregularity sufficient to render the proceedings void. In re Wilkins, 7 Okla. Cr. 422, 115 P. 1118.

In Ex parte Grant, 32 Okla. Cr. 217, 240 P. 759, we say:

"The office of the writ of habeas corpus is to afford the citizens a speedy and effective method of securing his release when illegally restrained of his liberty. Its scope, when directed to an inquiry into the cause of imprisonment in judicial proceedings, extends to questions affecting the jurisdiction of the court and the sufficiency in point of law of the proceedings. Mere errors or irregularities in a judgment or proceeding of a court under and by virtue of which a person is imprisoned, which are not of such a character as to render the proceedings, cannot be reviewed on an application for a writ of habeas corpus. Where a prisoner in custody under sentence of conviction seeks to be discharged on habeas corpus, the inquiry is limited to the questions whether the court in which the prisoner was convicted, had jurisdiction of the person of the defendant and of the crime charged, and did the court have jurisdiction to render the particular judgment."

And see Ex parte Woods, 7 Okla. Cr. 645, 125 P. 440.

The information here correctly charges a felonious

abandonment and desertion of the defendant's wife and minor children, and the mere fact that the same commenced anterior to the passage and approval of the amendatory act did not affect the jurisdiction of the district court to try the information.

It appears that petitioner was duly given a preliminary examination before the county judge, sitting as a committing magistrate, and on January 29, 1924, was held to the district court for the crime of abandonment; that on February 1, a duly certified transcript, including the information, was filed with the clerk of the district court, and that the information was refiled February 1, 1924, in the district court.

It is claimed that the county attorney filed the information against petitioner before the preliminary, and therefore the district court did not acquire jurisdiction, and that the proceedings thereafter were void. It may be that the original filing was a nullity and of no effect, but when the information was refiled, after the preliminary examination was had and a transcript of the proceedings filed with the clerk of the court, the district court had jurisdiction of the person of the defendant and of the crime charged.

For the reasons stated, the writ of habeas corpus was and is refused.

BESSEY, P. J., and EDWARDS, J., concur.