Ex parte J. B. McDANIEL.

No. A-8422.   June 18, 1932.
Rehearing Denied July 13, 1932.
(18 Pac. [2d] 287.)

436

J. M. Roberts and O. H. Whitt, for petitioner.

J. Berry King, Atty. Gen., and Gus Rinehart, Asst. Atty. Gen., for the State.

CHAPPELL, J. J. B. McDaniel, petitioner herein, was found guilty in the district court of Greer county of the crime of murder in the killing of Mollie McDaniel, his wife, and sentenced to life imprisonment in the state penitentiary.

Thereafter he appealed said cause to this court, where it was affirmed on the 26th day of February, 1918, and is reported in 14 Okla. Cr. 219, 169 Pac. 1128.

The reasons alleged why petitioner should be discharged are:

(1) That he did not have a public trial.

An examination of the exhibits attached to his application for the writ discloses that he did have a public trial.

(2) That the case-made does not speak the truth.

The record further discloses that his counsel stipulated that the case-made contained a true and correct transcript of all of the proceedings had in such trial, and the certificate of the trial judge attached to the case-made and made a part of the record attached to petitioner's application is to the same effect.

(3) That the court was without competent jurisdiction.

A further examination of the exhibits attached to petitioner's application for the writ discloses that the offense was committed in Greer county; that proper proceedings were taken by complaint, warrant, preliminary hearing, and the filing, of a sufficient information in the district court of Greer county to give said court jurisdiction over the person and subject-matter of the controversy. The exhibits attached to the application further disclose that a jury was duly and legally impaneled, and that defendant was given the fair and impartial trial required by the Constitution and laws of the state; that the verdict of the jury, the judgment of the court, and commitment are in proper form.

It further appears from the application that petitioner has been for fifteen years preparing his application and gathering the numerous authorities cited in his brief to support his application to this court.

Petitioner was convicted of a heinous crime and subjected to the severe punishment of life imprisonment. We have carefully examined the application and the authorities cited.

This court on habeas corpus will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure, or errors in law on questions over which the court had jurisdiction. The writ of habeas corpus cannot be used to perform the office of a writ of error on appeal, and should be limited to cases in which the judgment and sentence of the court attacked is clearly void. Ex parte Justus, 3 Okla. Cr. 111, 104 Pac. 933, 25 L. R. A. (N. S.) 483; In re Talley,

438

4 Okla. Cr. 398, 112 Pac. 36, 31 L. R. A. (N. S.) 805; Ex parte Rupert, 6 Okla. Cr. 90, 116 Pac. 350; Ex parte Hollingshead, 24 Okla. Cr. 131, 216 Pac. 486; Ex parte Lair, 29 Okla. Cr. 282, 233 Pac. 789; Ex parte Dunn, 33 Okla. Cr. 190, 242 Pac. 574.

Where a prisoner in custody under sentence and conviction seeks to be discharged on habeas corpus, the inquiry is limited to the question whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant and the crime charged; and, if the trial court had jurisdiction and power to convict and sentence, a writ cannot issue to correct mere errors. In re McNaught, 1 Okla. Cr. 529, 99 Pac. 241; Ex parte Mingle, 2 Okla. Cr. 709, 104 Pac. 68; Ex parte Woods, 7 Okla. Cr. 645, 125 Pac. 440.

It appearing from the record that the court had jurisdiction of the offense and the person of petitioner, and that the judgment and sentence is according to law, the writ is denied.

EDWARDS, J., concurs. DAVENPORT, P. J., not participating.