## Ex parte MOUGELL.

No. A-11896. March 18, 1953.

(255 P. 2d 297.)

Harold McArthur, Tulsa, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

POWELL, P. J. Wilbert M. Mougell, under date of 13 February, 1953, filed in this court a petition for writ of habeas corpus. It is set out that petitioner is confined in the State Penitentiary at McAlester as the result of a judgment and sentence of the district court of Tulsa county, entered on the 7th day of February, 1953, and providing that petitioner serve a term of two years for the crime of grand larceny.

It is claimed that the judgment is void in that on arraignment the defendant entered a plea of not guilty to the charge, and that the case came on for trial before a jury on the 2nd day of February, 1953; that the state introduced its evidence and rested, whereupon counsel for the defendant introduced his evidence, and at the conclusion announced that his purpose in introducing evidence in defense was to aid the jury in the assessment of punishment in that his client in testifying had admitted taking the property involved in the charge. It is stated that thereupon and before petitioner had rested his case, the court announced to the jury over the objection of the petitioner that there was nothing for the jury to pass upon in that petitioner had by his testimony admitted his guilt, and that the court thereupon arbitrarily and over counsel's objections dismissed the jury from consideration of the case, and that on the 7th day of February, 1953, the court fixed the punishment in the case on entering a judgment finding the defendant guilty of the crime charged.

It is asserted that the judgment and sentence of the court, the discharge of the jury and petitioner's commitment to the State Penitentiary, are all in violation of the constitutional rights of petitioner to trial by jury, as provided in Art. II, §§ 19 and 20 of the Constitution of Oklahoma, and that the proceedings are void. It is further asserted that by discharging the jury unnecessarily, petitioner has now been in jeopardy and that any further proceedings against him relative to the said cause would place him in double jeopardy. Attached to the

petition is a photostat copy of the appearance docket as to the case in question, together with a copy of the remarks alleged to have been made by the court at the time of taking the case from the jury, and also attached is a certified copy of the judgment and sentence.

The photostat of the appearance docket shows that on February 7, 1953, at the time the motion for new trial was overruled, counsel gave notice of intention to appeal to this court, and was granted 60 days in which to have case-made prepared and served, and bond in amount of $2,000 was authorized. The conviction being for a felony defendant has six months from date of judgment in which to file the case-made and petition in error in this court, and there is still opportunity to obtain an order extending time in which to have the case-made prepared, if the original sixty days proves insufficient. And from the record, petitioner may still be released from the penitentiary on furnishing bond as set by the trial court.

This court from the beginning has held that a person imprisoned under judgment of conviction cannot secure discharge by habeas corpus, unless the court was without jurisdiction and its judgment was void. See Ex parte McDaniel, 53 Okla. Cr. 435, 18 P. 2d 287, and many cases cited. Counsel so concedes and asserts in brief and cites Ex parte Critser, 87 Okla. Cr. 380, 198 P. 2d 228.

The basis for the claim of the violation of the constitutional right of the accused to have the jury assess the punishment involves the consideration of the testimony of the petitioner given at the trial, remarks of counsel dictated into the record, and the ruling of the court thereon, and the court's statement justifying his discharge of the jury on the statements of the defendant said to have amounted to a plea of guilty of the crime charged. We can think of no reason why a defendant could not, after the state had introduced its evidence and rested, change his plea from not guilty to guilty, and under such circumstances it would be the duty of the trial court to assess the punishment. On the other hand, if the record would show the circumstances set out in the petition filed herein it may be that the petitioner would be entitled to relief, even a reversal of the case and discharge. But more than excerpts from the record are required. The judgment is not void on its face. The scope of review on habeas corpus is limited to an examination of the jurisdiction of the court whose judgment of conviction is challenged. It cannot be made to perform the office of an appeal. Ex parte Keel, 62 Okla. Cr. 277, 71 P. 2d 313; Ex parte Robnett, 69 Okla. Cr. 235, 101 P. 2d 645; Ex parte Vanderburg, 73 Okla. Cr. 21, 117 P. 2d 550.

In the first case cited above, this court held in paragraphs three and four of the syllabus:

"Where a petitioner is imprisoned under a judgment of conviction for crime, unless the court was without jurisdiction to render the particular judgment, and the judgment is void and not merely voidable, relief cannot be had by habeas corpus.

"On habeas corpus to determine legality of imprisonment where detention is under the judgment of a district court, the court is limited to a determination of whether the facts stated in the information constitute an offense, and whether the judgment and sentence imposed was warranted by law and was within the jurisdiction of the court."

For the reasons stated, the writ sought is denied.

JONES and BRETT, JJ., concur.