**Robert Dawl BEAVERS, Petitioner,**

v.

**Robert RAINS, Acting Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–12738.**

Court of Criminal Appeals of Oklahoma.

May 6, 1959.

Robert Dawl Beavers, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

PER CURIAM.

Robert Dawl Beavers has filed in this court a petition for writ of habeas corpus, seeking his release from confinement in the State Penitentiary at McAlester, where he was received on December 8, 1954 by reason of a judgment and sentence made and entered on April 6, 1954 in the district court of Pottawatomie County, Oklahoma, in case No. 5272, wherein petitioner was charged with the crime of murder, was

tried in said cause before a jury, found guilty of manslaughter in the first degree and sentenced by the court to a term of eighteen years in the penitentiary.

Petitioner appealed from said conviction to this court; and although his attorney overlooked filing the record in the trial court prior to filing in this court, and the appeal was subject to dismissal, nevertheless this court carefully studied the trial record and decided the case upon the merits thereof. Consideration was given to alleged errors set out in the petition in error. See Beavers v. State, Okl.Cr., 282 P.2d 783.

■ All matters now set up in petition for writ of habeas corpus were either set up in the appeal, or to have been considered should have been. This court has uniformly held that where trial court had jurisdiction, errors in its proceedings can only be reviewed upon appeal. Ex parte Mingle, 2 Okl.Cr. 708, 104 P. 68; Ex parte Woods, 7 Okl.Cr. 645, 125 P. 440. We may not in the within case consider the sufficiency of the petition in the court where the conviction was had, or the sufficiency of the evidence to support the verdict. In re Sullivan, 82 Okl.Cr. 364, 170 P.2d 260. Consideration has already been given to such matters. Beavers v. State, supra.

As was said in Ex parte McDaniel, 53 Okl.Cr. 435, 18 P.2d 287, a defendant imprisoned under judgment of conviction cannot secure discharge by habeas corpus unless court was without jurisdiction, and its judgment was void, however numerous and gross the errors may have been at the trial.

Habeas corpus cannot be resorted to as a substitute for appeal. Ex parte Holder, 94 Okl.Cr. 270, 234 P.2d 958; Ex parte Washington, 92 Okl.Cr. 337, 223 P.2d 552. And particularly so where appeal has been had. The facts of the killing for which conviction had, as disclosed by the trial record, are set out in Beavers v. State, supra.

Writ denied.