
**Application of Paul MITCHELL for
Writ of Habeas Corpus.**

**No. A–13469.**

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1964.

Paul Mitchell, McAlester, petitioner, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

JOHNSON, Presiding Judge:

By writ of habeas corpus the petitioner, Paul Mitchell, seeks release from confinement in the State Penitentiary, where he is held by reason of a judgment and sentence of the district court of Murray County wherein the petitioner was sentenced to a term of ten years upon his plea of guilty to the crime of larceny of cattle, after former conviction of a felony.

In support of his unverified petition it is alleged that petitioner was taken before the sentencing judge "in chains, handcuffs and shackles and was not even permitted to wear his shoes, and was ridiculed and abused during the so-called trial by the sheriff of Murray County and one of his deputies. Your petitioner further states that he was threatened by the county attorney and sheriff that if he did not plead guilty his brother [who had been charged jointly with him, but not as a subsequent offender] would be given a life sentence."

Petitioner attaches a transcript of the record in Murray County.

To the petition a response has been filed, to which is attached a copy of the information, the judgment and sentence, copy of the appearance docket, and copy of petitioner's prison record.

The record before us shows that this is petitioner's fourth term in the penitentiary; that the information was in proper form and the second offense charge was properly presented. It also shows that an attorney was appointed for petitioner; and the minutes of the court show that the attorney, after appointment and after consulting with petitioner, advised him to plead not guilty, but that defendant entered his plea of guilty, and was thereupon sentenced to ten years in the penitentiary.

The respondents allege and offer to make proof "that petitioner's appearance under restraint and illy clothed at his arraignment was due to the fact that he and his co-defendant (his brother) had been recaptured only the night before after having escaped and having fled from the authorities and during which flight some of petitioner's clothing, including shoes, became damaged and/or lost."

Petitioner attempts to cite several cases in support of his allegation that his constitutional rights were violated, all of which are unintelligible, except the case of French v. State, a case from this Court, which is reported in 377 P.2d 501. This case was based on Tit. 22 O.S.A. § 15, which provides:

"No person can be compelled in a criminal action to be witness against himself; nor can a person charged with a public offense be subjected before conviction to any more restraint than is necessary for his detention to answer the charge, and in no event shall he be *tried before a jury* while in chains or shackles." (Emphasis now supplied)

This section applies only to trials before a jury, and would not be applicable in this instance.

This Court has repeatedly held that where a person who is in custody under sentence of conviction of a felony seeks to be discharged on habeas corpus, the sole questions to be determined are whether the trial court had jurisdiction of the person of the defendant, of the offense charged, and had jurisdiction to pronounce the particular judgment. Tartar v. Buford, 93 Okl.Cr. 281, 227 P.2d 422; Re: Application of Brown, Okl.Cr., 297 P.2d 575.

It is well settled that the writ of habeas corpus cannot be used to perform the office of a writ of error on appeal, but will be limited to cases in which the judgment and sentence of the court attacked is clearly void. Ex parte Tollison, 73 Okl. Cr. 38, 117 P.2d 549; Ex parte Hummingbird, 78 Okl.Cr. 33, 143 P.2d 166; Ex parte Beavers, Okl.Cr., 339 P.2d 790.

Writ denied.

BUSSEY and NIX, JJ., concur.