**Oscar PETTIGREW, Petitioner,**

v.

**Ray PAGE, Warden, Respondent.**

**No. A–14382.**

Court of Criminal Appeals of Oklahoma.

July 17, 1968.

Oscar Pettigrew, pro se.

G. T. Blankenship, Atty. Gen., Hugh Collun, Asst. Atty. Gen., for respondent.

## MEMORANDUM OPINION

LERBLANCE, Referee:

Oscar Pettigrew, Oklahoma State Penitentiary number 75456, filed on July 21, 1967, with this court a Petition for writ of habeas corpus seeking release from his imprisonment on judgment and sentence of four years for second degree burglary, Case Numbers 4693 and 4694, Pontotoc County, State of Oklahoma.

Petitioner alleges denial of constitutional rights in that his imprisonment resulted from a judgment and sentence entered on a plea of guilty after a jury had been empaneled which made the judgment void since allegedly a jury must return a verdict after it has been sworn to hear a case.

The appearance docket in Cases Nos. 4693 and 4694 in Pontotoc County indicate that Petitioner on April 19, 1967, was appointed counsel, Carlos Wadlington, at his arraignment and entered a plea of not guilty. On May 15, 1967, the cause came on for trial with Petitioner represented by Mr. Wadlington. After the jury had been empaneled and sworn the State made its opening statement and proceeded to put on evidence. The appearance docket then indicates that Petitioner present in court with his attorney "after Defendant being fully advised of his rights withdraws his plea of not guilty and pleads guilty." The Court then entered judgment and sentence at four years with sentences in Cases Nos. 4693 and 4694 to run concurrently.

It would appear that Petitioner was not unfamiliar with court procedure or the effect of his plea inasmuch as Petitioner was sentenced on February 28, 1947, to four years in the penitentiary on a plea of guilty for larceny of an automobile, and was convicted by a jury for larceny of an automobile on August 13, 1952, and sentenced to eight years in the penitentiary.

We find no substance to the argument of Petitioner that the court below was without authority to enter judgment on Petitioner's plea of guilty after the jury has been empaneled. In Ex parte Mougell, 96 Okl.Cr. 354, 255 P.2d 297, 298, an original habeas corpus proceeding, this court held:

"We can think of no reason why a defendant could not after the State had introduced its evidence and rested, change his plea from not guilty to guilty, and under such circumstances it would be the duty of the trial court to assess the punishment."

It was ordered by this court on July 28 1968, that after the filing of a response by the Attorney General of Oklahoma this cause would be submitted for opinion without hearing unless Petitioner requested such. There has been no request by the Petitioner for a hearing. Nor is there any indication that such a hearing would serve any useful purpose. Therefore, since Petitioner was represented by counsel and withdrew his plea of not guilty after being fully advised of his rights we find no merit to the Petition for Writ of Habeas Corpus and the writ is accordingly denied.