THE CITY OF KANSAS CITY v. GEORGE SMITH.

No. 10662.

CRIMINAL PLEADING — *complaint under city ordinance for keeping drinking resort must describe place.* A complaint under a city ordinance charging the defendant with maintaining a place where persons are permitted to resort for the purpose of drinking intoxicating liquor as a beverage, which fails to designate the place otherwise than as being in the city, is insufficient.

*Appeal from Wyandotte District Court.*
*Hon. Henry L. Alden, Judge.*

AFFIRMED.                                    OPINION FILED NOVEMBER 7, 1896.

A complaint was filed in the Police Court of Kansas City the body of which reads as follows:

"W. Reynolds complains of George Smith, and being duly sworn, on oath says, that the said George Smith at and in the city of Kansas City, County of Wyandotte, and State of Kansas, and on the 27th day of October, 1895, did unlawfully keep and maintain a place where persons were permitted to resort, and to which persons there and then did resort, for the purpose of drinking intoxicating liquors as a beverage, and then and thereby did keep and maintain a tippling shop, in violation of ordinance No. 775, of the ordinances of said city of Kansas City."

The transcript of the docket of the Police Judge shows a trial before him, and a finding that the defendant was guilty of the acts charged in the complaint, but that such acts were insufficient in law to constitute an offense, and that he rendered judgment discharging the defendant. The City appealed from the decision of the Police Judge to the District Court, which affirmed the decision of the Police Court, and the City now appeals to this Court.

*K. P. Snyder*, City Counselor, and *T. A. Pollock;* City Attorney, for appellant.

No appearance for appellee.

ALLEN, J. It is extremely doubtful whether an appeal could be taken by the City from the order of the Police Judge discharging the defendant after a trial. *The State v. Hickerson*, 55 Kan. 133, and cases there cited. But as to this we do not now decide, nor do we deem it necessary to consider the matters discussed in the brief of counsel for the City. The substance of the complaint is a charge against the defendant of maintaining a tippling-shop, which, under the statutes of this State, is a nuisance. ¶ 2533 Gen. Stat. 1889. The complaint fails to state the place where such tippling-shop was kept. It is provided in section 399 of the act concerning Crimes and Punishments :

"in prosecutions under this act, by indictment, or otherwise, it shall not be necessary to state the kind of liquor manufactured or sold, and shall not be necessary to describe the place where sold, except in prosecutions for keeping and maintaining a common nuisance, or when a lien is sought to be established against the place where such liquors were illegally sold."

While this is a prosecution for the violation of a city ordinance, the substance of the offense sought to be charged is the same as that defined in paragraph 2533 ; and the reasons rendering it necessary to state the place where the nuisance is maintained, in a prosecution under a city ordinance, are the same as in one under the statute. Whether at common law it would be necessary to describe the exact place

where the offense is charged to have been committed is a matter of much doubt. 1 Bishop, Crim. Proc. § 373. As the substance of the offense charged is keeping a place where persons resort for the purpose of drinking intoxicating liquors as a beverage, the place at which the defendant is charged with keeping it would seem to be an essential and very important part of the description of the offense; and there being doubt as to the rule at common law, we think that that indicated by the statute in prosecutions for violation of the State law on the same subject ought to control in prosecutions for violations of a city ordinance. We can only conjecture as to the grounds on which the Court based its decision,—the record being silent, and no appearance being made for the defendant. The complaint appears to us open to the objection that it fails to state where the alleged tippling-shop was maintained.

The judgment is therefore affirmed.

All the Justices concurring.