*Ex parte* S. B. CAVENESS.

No. 169.    Opinion Filed November 22, 1909.

(105 Pac. 184.)

1.  HABEAS CORPUS—Reduction of Bail. This court will not grant reduction of bail on habeas corpus, unless it clearly appears that the amount fixed by the trial court is excessive.

2.  HABEAS CORPUS—Return—Judgment. Section 4867, Wilson's Rev. & Ann. St. 1903, provides: "No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired, in either of the cases following: * * * (2) Upon any process issued on any final judgment of

a court of competent jurisdiction." And a judgment by a court of competent jurisdiction. valid on its face, is an unanswerable return to a writ of **habeas corpus** issued for the relief of a prisoner imprisoned by virtue of such judgment.

(Syllabus by the Court.)

Application by S. B. Caveness for writ of *habeas corpus* to obtain reduction of bail. Writ discharged.

*W. S. Pendleton,* for petitioner.

*Charles L. Moore,* Asst. Atty. Gen., for respondent.

PER CURIAM. Petitioner alleges that he is unlawfully imprisoned at Tecumseh, in Pottawatomie county; that petitioner has been tried and convicted of the crime of violating the prohibition law in six cases; that his bail is fixed at the excessive and unreasonable amount of $250 in each case, making the total bail in the sum of $1,500. It is further averred that petitioner's imprisonment is illegal in this: That the verdict and judgment in each of said cases is illegal and unauthorized by law, because the sales which it is claimed were made by petitioner of intoxicating liquors, and upon which he was convicted in each case, were made at the special instance and request and solicitation of a special detective, who was then and there the agent of the state, being then and there a deputy sheriff of said county, and acting in his pretended purchase of said liquors under the express instructions of the sheriff and county attorney of said county.

We are of opinion, first, that petitioner has no cause for complaint, because the bail as fixed is very reasonable; second, that the question of insufficiency of the evidence to sustain the verdict and judgment is not a question to be reviewed in a *habeas corpus* proceeding. The statute provides (section 4867, Wilson's Rev. & Ann. St. 1903):

"That a prisoner shall not be discharged under a writ of *habeas corpus,* where it appears that he is held in custody by virtue of a commitment issued upon the final judgment of a court of competent jurisdiction."

Appellate courts uniformly hold that the writ of *habeas cor-*

*pus* is not to take the place of a writ of error or the appeal. *In re McNaught,* 1 Okla. Cr. 528, 99 Pac. 24.

The writ of *habeas corpus* is therefore discharged.