## *Ex parte* PARIS RUPERT.

No. A-1141.    Opinion Filed June 20, 1911.

(116 Pac. 350.)

**HABEAS CORPUS—Scope of Review—Irregularities of Procedure.** This court on habeas corpus will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure, or errors in law on questions over which the court had jurisdiction. The writ of habeas corpus cannot be used to perform the office of a writ of error on appeal, and should be limited to cases in which the judgment and sentence of the court attacked is clearly void.

(Syllabus by the Court.)

Application by Paris Rupert for writ of *habeas corpus*. Writ discharged.

*William O. Woolman* and *H. N. Boardman,* for petitioner.

*Stewart, Cruce & Gilbert* and *A. L. Emery,* for the State.

FURMAN, P. J. Petitioner applied for a writ of *habeas corpus* upon the ground that he was illegally restrained of his liberty by Sam Southerland, sheriff of Blaine county, Okla. The said sheriff, in his answer and return, stated that he held petitioner by virtue of two certain commitments issued out of the county court of Blaine county, Okla., based upon two judgments rendered against petitioner by said county court of Blaine county. Upon the hearing of this matter, certified copies of judgments in causes numbered 1758 and 1759 on the county court docket of Blaine county, Okla., were introduced in evidence, from which it appeared that petitioner had pleaded guilty in both of said cases for having violated the game laws of Oklahoma, and that this punishment in each case had been assessed at a fine of $100 and 15 days' imprisonment in the county jail. The county court had jurisdiction of these offenses, and the judgments on their faces are regular and valid.

Oral testimony and affidavits were introduced on the part of both petitioner and the state, attacking and supporting the regularity of the judgments in question. On the state's own showing there were irregularities in the proceedings prior to the rendition of the judgments. On the other hand, even if everything contended for by petitioner was true, nothing was proven which would render the judgments in questions void. We cannot pass upon the regularity of these judgments in this proceeding.

In *Ex parte Justus,* 3 Okla. Cr. 111, 104 Pac. 933, 25 L. R. A. (N. S.) 483, this court said:

"This court on *habeas corpus* will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure, or errors in law on questions over which the court had jurisdiction. The writ of *habeas corpus* cannot be used to perform the office of a writ of error on appeal,

and should be limited to cases in which the judgment and sentence of the court attacked is clearly void."

*In re Coyle,* 4 Okla. Cr. 133, 111 Pac. 666, this court expressly declared that when the judgment of a court of record appears to have been properly entered, and the court has jurisdiction of the matter, such judgment could not be impeached or contradicted in *habeas corpus* proceedings.

In the case of *In re Talley,* 4 Okla. Cr. 398, 112 Pac. 36, this court held that, where a petitioner is imprisoned under a judgment of conviction for crime, unless the court is without jurisdiction to render the particular judgment, and the judgment is therefore void and not merely voidable, relief could not be had by *habeas corpus.*

In *Ex parte Wilkins,* 115 Pac. 1118, this court said:

"While it is well settled that mere irregularity in proceedings resulting in the imprisonment, however flagrant, is not sufficient ground to discharge on *habeas corpus,* yet, if the petitioner be imprisoned under a judgment of a court which had no jurisdiction to render the judgment complained of, such want of jurisdiction may be inquired into on *habeas corpus,* and, if found to exist, is ground for a discharge of the petitioner. *Ex parte Johnson,* 1 Okla. Cr. 414, 98 Pac. 461; *In re McNaught,* 1 Okla. 528, 99 Pac. 241; *Ex parte Gudenoge,* 2 Okla. Cr. 110, 100 Pac. 39; *Ex parte Howard,* 2 Okla. Cr. 563, 103 Pac. 663; *Ex parte Justus,* 3 Okla. Cr. 111, 104 Pac. 933 [25 L. R. A. (N. S.) 483]; *Ex parte Brown,* 3 Okla. Cr. 329, 105 Pac. 577; *In re Talley,* 4 Okla. Cr. 398 [112 Pac. 36]; *Ex parte Show,* 4 Okla. Cr. 416 [113 Pac. 1062]."

We regard these cases as conclusive of the question here presented. If the judgments against petitioner were irregular or voidable, his remedy would have been by appeal. But we cannot grant the relief sought by *habeas corpus* proceedings.

Section 6207 of Snyder's Comp. Laws of Oklahoma 1909 is as follows:

"No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following: (1) Upon process issued by any court or judge of the United States, or where such court or judge has exclusive

jurisdiction; or (2) upon any process issued on any final judgment of a court of competent jurisdiction; or (3) for any contempt of any court, officer or body having authority to commit; but an order of commitment as for contempt, upon proceedings to enforce the remedy of a party, is not included in any of the foregoing specifications; (4) upon a warrant or complaint issued from the district court, or any other court of competent jurisdiction, upon an indictment or information."

The contention of counsel for petitioner that the law does not prescribe the penalty of imprisonment for the offenses to which petitioner pleaded guilty in these cases is not sustained by the law. In cause No. 1758 petitioner is charged with having in his possession game birds, to wit, quail, with the intent to transport the same beyond the state, to wit, to the city of Chicago, in the state of Illinois. This is a direct violation of section 3510 of Snyder's Comp. Laws of Oklahoma 1909. In cause No. 1759 petitioner is charged with having in his possession game birds, to wit, quail, the same not then and there being had or held as specimens or trophies. This is a direct violation of section 3510 of Snyder's Comp. Laws of Oklahoma 1909. Section 3563 of Snyder's Comp. Laws of Oklahoma 1909 makes it a misdemeanor to violate any of the sections of the law relating to game, not otherwise provided for, and prescribes that upon conviction the party so violating any of said sections shall be punished by a fine of not less than $10 nor more than $100, or by imprisonment in the county jail for not less than 10 days or more than 30 days, or by both such fine and imprisonment.

The writ of *habeas corpus* is therefore discharged, and the petitioner is remanded to the custody of the sheriff of Blaine county, with directions to execute both judgments of the county court.

ARMSTRONG and DOYLE, JJ., concur.