THE STATE OF KANSAS, *Appellee,* v. PEG BUTLER, *Appellant.*

No. 17,547.

### SYLLABUS BY THE COURT.

NUISANCE—*Error in Description of Place Immaterial.* In a prosecution for the maintenance of a liquor nuisance an error in the information in describing the place is immaterial, where if the erroneous portion is rejected there still remains an accurate and definite description, and no actual prejudice results to the defendant.

Appeal from Allen district court. Opinion filed November 11, 1911. Affirmed.

*Burton E. Clifford,* for the appellant.

*John S. Dawson,* attorney-general, *S. N. Hawkes,* assistant attorney-general, and *Taylor & Taylor,* for the appellee.

The opinion of the court was delivered by

MASON, J.: Peg Butler was convicted of keeping a place where intoxicating liquors were unlawfully sold, and appeals.

The place referred to was described in the information as "the buildings and places appurtenant thereto, situated on that part of the N. E. ¼ of sec. 3, twp. 24, range 18, lying south of Elm Creek and between the Right of Way of the A. T. & S. F. Ry. Co., and the public highway, in the County of Allen, in the

State of Kansas." The defendant as well as witnesses for the state testified that he lived south of Iola between the Santa Fe railroad and the public highway, south of Elm creek, and the evidence all had reference to the place where the defendant resided. One witness described the property as located in section 3, township 24, range 18. The defendant testified that he did not know its legal description. One of his witnesses said that section 3 in township 24 of range 18 lies five miles north of Iola, and the court takes judicial notice that the statement is correct. The instructions described the premises in the language of the information. The defendant maintains that a peremptory instruction should have been given for a verdict of not guilty, on the ground that the evidence did not show him to have kept the place described in the information, or any offense to have been committed there.

Obviously the information was drawn with the intention of describing the defendant's residence, and township 24 was written by mistake for township 25. Not the slightest prejudice could have resulted to the defendant from the error. There was no room for doubt as to what premises were meant. The number of the township may be regarded as stricken from the information, and there still remains an accurate and sufficiently definite description of the place where the defendant lived, and where, according to the evidence, the illegal acts complained of were committed. Under these circumstances the misdescription does not justify setting aside the conviction.

The further contention is made that upon the merits the evidence does not support the verdict, but we think it was sufficient to be submitted to the jury.

The judgment is affirmed.