No. 19,228.

THE CITY OF SALINA, *Appellee*, V. CARRIE SNEAD, *Appellant.*

SYLLABUS BY THE COURT.

LIQUOR NUISANCE—*Trial—No Material Error Shown.* The record in a prosecution for maintaining a liquor nuisance examined and held to show no material error.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed February 6, 1915. Affirmed.

*Frank T. Knittle,* and *Ralph Knittle,* both of Salina, for the appellant.

*H. C. Tobey,* of Salina, for the appellee.

The opinion of the court was delivered by

MASON, J.: In a prosecution under a city ordinance, Carrie Snead was convicted of maintaining a place where intoxicating liquors were sold. She appeals. Her contentions are that there was no evidence to sustain the conviction, and that error was committed in giving and refusing instructions.

The complaint described the place as a two-story frame dwelling house situated upon certain lots in Calkin's addition to the city of Salina. The transcript of the evidence represents one witness as describing it as located on such lots in "——— addition to the city of Salina," and no other witness gave the name of the addition. The defendant maintains that on this account there was a failure to identify the premises referred to in the testimony with those described in the complaint. The place was sufficiently described in other ways, there was no controversy or doubt about its location, and the omission to give testimony as to the name of the addition was immaterial. (*The State v. Reno,* 41 Kan. 674, 21 Pac. 803.)

There was evidence to this effect: The defendant's

husband had sold liquor on the premises. He left about two weeks before her arrest. After his departure, men were seen going to and coming from the place. One of them was noticed carrying away something that rattled like bottles. A cab driver was frequently seen to leave a suit case at the house, and to call there and get one. At the time of the arrest there were found on the premises some 55 bottles of beer (eight of them on ice and five or six in cool water), two bottles of whisky, four jugs of wine, and numerous empty bottles. The inference of the defendant's guilt was not unreasonable.

An instruction was given that the jury might consider the fact that the defendant was the owner of the premises in her own right. This is objected to as assuming matters not proved, inasmuch as there was no evidence on the subject beyond an admission made at the trial in these words: "It is hereby admitted that the title, that is the deed to the home in question, is in the name of Carrie J. Snead." The objections taken are that the title might be in her name without her owning the property in her own right, and that she might have been the owner at the time of the trial and not at the time of the offense charged. These distinctions are too attenuated to be consistent with a fair interpretation of the stipulation.

An instruction was asked beginning with the words "The plaintiff in this case relies upon circumstantial evidence." It was given as asked except that the words quoted were changed to "Part of the evidence relied upon by the City to convict is circumstantial," and complaint is made of the change. We do not regard it as prejudicial.

The judgment is affirmed.