### Ex parte GEORGE HANNERS.

No. A-5203.   Opinion Filed Nov. 15, 1924.
(230 Pac. 281.)

(Syllabus.)

1. **Habeas Corpus—Writ not Available as Substitute for Writ of Error.** On habeas corpus, this court will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure or errors in law on questions over which the court had jurisdiction. The writ of habeas corpus cannot be used to perform the office of a writ of error on appeal.

2. **Same—Not Available for Discharge on Plea of Former Jeopardy.** The writ of habeas corpus cannot be resorted to for the purpose of discharging an applicant on a plea of former jeopardy.

Application for writ of habeas corpus by George Hanners. Ruling discharged, and petitioner remanded.

P. K. Morrill, for petitioner.

The Attorney General, for respondent.

MATSON, P. J.  On the 9th day of June, 1924, petitioner George Hanners presented to Thomas H. Doyle, judge of this

court, his application for a writ of habeas corpus to be discharged from imprisonment by the respondent, J. L. English, sheriff of Jackson county, Okla.

The petition alleged that petitioner was restrained of his liberty in the county jail of Jackson county by respondent, and that such restraint was illegal, because that, although petitioner was committed pursuant to a judgment rendered in the county court of said county finding petitioner guilty of "a violation" of the prohibitory liquor laws, said judgment is not valid and lawful, in that it was pronounced in the absence of the defendant and without notice to him, and for the further reason that prior to the rendition of said judgment and sentence the said county court had rendered judgment and passed sentence upon petitioner for the same identical offense for which the pretended judgment was attempted to be imposed, and that the said prior judgment had not been vacated, nullified, or set aside. For which reasons the petitioner asked that the writ issue.

Upon presentation of the petition to Judge Doyle the writ was refused, but a rule was issued to respondent to show cause why the writ should not issue as prayed for, and the petitioner was released on bond of $1,000, conditioned to abide the action and obey the orders of this court in the premises.

No response or answer was made to said rule until the 27th day of October, 1924, when respondent filed an answer as follows:

"That he is the qualified and acting sheriff of Jackson county, Okla., and that on the 5th day of May, 1924, the petitioner herein, George Hanners, was confined in the county jail of Jackson county, Okla., under and by virtue of a commitment issuing from the county court of Jackson county, Okla., on April 16, 1924, a certified copy of which is hereto attached, marked Exhibit A for the purpose of identification and reference.

"Respondent denies that said petitioner, George Hanners, is being illegally held in custody, but shows the court that the imprisonment is in all things regular, and that said petitioner, George Hanners, has not been denied any of his constitutional or statutory rights. Respondent further shows that the petitioner, George Hanners, was released under bond on the 10th day of June, 1924, in accordance with the order of this court."

Accompanying said response is a certified copy of the judgment under which the petitioner was committed, which shows upon its face that the petitioner was present in open court at the time judgment and sentence was pronounced upon him. The commitment also shows that petitioner was incarcerated to serve said sentence and judgment on the 5th day of May, 1924, and was released under bond in this proceeding on the 10th day of June, 1924. So that it affirmatively appears that the petitioner had not served, at the time he was discharged under the bond of this court, the full term of imprisonment under said judgment and sentence.

On habeas corpus it is well established that this court will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure or errors in law on questions over which the court had jurisdiction. The writ of habeas corpus cannot be used to perform the office of a writ of error on appeal, but should be limited to cases in which the judgment and sentence of the court attacked is clearly void. Ex parte Rupert, 6 Okla. Cr. 90, 116 Pac. 350, and cases cited.

Section 2761, Compiled Statutes 1921, provides:

"For the purpose of judgment, if the conviction is for misdemeanor, judgment may be pronounced in the defendant's absence."

While it appears from the certified copy of the judgment attached to the response herein that the petitioner was present

in open court at the time judgment and sentence was pronounced upon him, nevertheless under the foregoing statute it would be no ground for his discharge on habeas corpus, even had the judgment been pronounced in his absence as alleged in the petition.

As to the second ground, that the judgment is void because petitioner had prior to that time been sentenced for the same offense in the same court, and that said prior judgment and sentence had never been vacated, it is sufficient to say that these allegations present no new question for decision by this court. It has heretofore been held in an early case that the writ of habeas corpus cannot be resorted to for the purpose of discharging an applicant on a plea of former jeopardy. Ex parte Johnson, 1 Okla. Cr. 286, 97 Pac. 1023, 129 Am. St. Rep. 857, and cases cited. See, also, Ex parte Wood, 21 Okla. Cr. 252, 206 Pac. 541. Jeter v. District Court, 87 Okla. 3, 206 Pac. 831.

For reasons stated, the rule is discharged and the petitioner remanded to the custody of the sheriff of Jackson county to serve the remainder of the imprisonment under the terms of the sentence and judgment of the county court of Jackson county rendered in said prosecution on the 9th day of October, 1923.

BESSEY and DOYLE, JJ., concur.