## Ex parte FRANK LAIR.

No. A-5323.    Opinion Filed Feb. 28, 1925.
(233. Pac. 789.)

(Syllabus.)

1. **Habeas Corpus—Jurisdiction to Render Particular Judgment Inquired into, but Writ no Substitute for Appeal.** The jurisdiction of the court, adjudging and sentencing a person to prison, to render the particular judgment, is a proper subject of inquiry in habeas corpus proceedings; but habeas corpus cannot take the place of a writ of error or of an appeal.

2. **Punishment—Rape in the First Degree—Life Imprisonment.** Where an accused, properly charged, is convicted of rape in

the first degree, the jury, or, if they fail or refuse, the court, may assess the punishment at imprisonment for life.

Petition by Frank Lair for habeas corpus. Writ denied, and petition dismissed.

J. W. Bartholomew, for petitioner.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

EDWARDS, J. This is an original proceeding for a writ of habeas corpus. The petition, with a certificate of the record, discloses that the petitioner was informed against in the district court of Ottawa county for the crime of rape in the first degree, accomplished by means of force and violence. The case was tried and the jury returned its verdict as follows:

"We, the jury, impaneled and sworn in the above-entitled cause, do, upon our oaths, find the defendant, Frank Lair, guilty of rape in the first degree as charged in the information, and fix his punishment at imprisonment in the state penitentiary for and during the term of his natural life."

On the verdict the court sentenced petitioner to the state penitentiary "for the term of the rest of his life, for said crime by him committed, to begin on the 7th day of June, 1920." The petition for the writ alleges that petitioner is restrained by the warden of the state penitentiary upon said verdict and sentence, but that same is illegal and contrary to law, in that it fails to state the time for which said petitioner is to serve; that the verdict and sentence is in excess of the jurisdiction of the court and therefore void.

It is well settled that the writ of habeas corpus cannot take the place of a writ of error or of an appeal. In re Flowers, 2 Okla. Cr. 430, 101 P. 860; In re Cranford, 3 Okla. Cr. 190, 105 P. 367. And it follows that, where a petitioner is imprisoned under a judgment of conviction for crime, unless the court was without jurisdiction to render the par-

ticular judgment, and the judgment is void, and not merely voidable, relief cannot be had by habeas corpus, no matter how numerous and gross may have been the errors committed during the trial or in the proceedings preliminary thereto. In re McNaught, 1 Okla. Cr. 528, 99 P. 241; In re Talley, 4 Okla. Cr. 399, 112 P. 36, 31 L. R. A. (N. S.) 805.

So the only question for determination here is: Is the judgment and sentence on which the petitioner is held void, as being in excess of the jurisdiction of the court? If it is void, the petitioner should be discharged; if it is not void, the writ should be denied. The statute fixing punishment for rape in the first degree (section 1838, Comp. St. 1921) is as follows:

"Rape in the first degree is punishable by death or imprisonment in the penitentiary, not less than fifteen years, in the discretion of the jury, or in case the jury fail or refuse to fix the punishment, then the same shall be pronounced by the court."

Petitioner contends that, as a life sentence is not expressly set forth in this section of the statute, it cannot be imposed, but that the sentence must be a definite term, not less than 15 years, to be fixed by the jury, or, in the event the jury fail or refuse, to be fixed by the court. In support of this argument, reference is made to the provisions of our law allowing deductions for good behavior. Section 9234, Comp. St. 1921, reads:

"Every convict who shall have no infractions of the rules and regulations of the prison or laws of the state recorded against him shall be allowed for his term a deduction of two months in each of the first two years; four months in each of the next two years; five months in each of the remaining years of said term, * * * and, in addition to the deduction above provided for, every convict shall be entitled to a deduction from his sentence of two days for every six days' work performed by him. * * *"

And it is argued that, as there are no exceptions to

the last-quoted statute, it is necessary, in order to give it effect in any case, that the term of a sentence be fixed and definite, and that even a life sentence should read 99 years. We believe, however, that the Legislature has barred the contention of petitioner. Section 2304, Comp. St. 1921, is as follows:

"Whenever any person is declared punishable for a crime by imprisonment in the penitentiary for a term not less than any specified number of years, and no limit to the duration of such imprisonment is declared, the court authorized to pronounce judgment upon such conviction may, in its discretion, sentence such offender to imprisonment during his natural life, or for any number of years not less than such as are prescribed."

This statute was discussed in the case of Baysinger v. Territory, 15 Okla. 386, 82 P. 728, and it was there held:

"Where one charged with murder is convicted of manslaughter in the first degree, the court is authorized by the provisions of section 2676, Wilson's Statutes 1903, to sentence such person to imprisonment in the penitentiary for life, or for any number of years not less than four."

See, also, People v. Logan, 123 Cal. 414, 56 P. 56, where it is held that a similar statute authorizes the court to sentence the defendant, convicted of rape, to imprisonment for life. See also People v. Brooks, 65 Cal. 295, 4 P. 7; People v. Winthrop, 118 Cal. 85, 50 P. 390.

It is true that a sentence of life is indefinite and indeterminable. This is so of any sentence of imprisonment, for the reason that it may be ended by the death of the prisoner before its expiration. It is probably not possible, in the present state of our law, to apply the provisions of the good behavior statute above referred to to a life sentence. That, however, is a matter for the attention of the Legislature. It may have been an oversight on the part of the lawmakers in failing to provide a method for reduction in the case of a life sentence, or it may have been

intentional, although no term of exclusion or exception is used. But in any event the matter here complained of is within the province of that branch of the government.

The further contention of the petitioner, that the judgment and sentence is invalid by reason of taxing the costs in the judgment and sentence, merits no attention. It is covered by statute and the decisions of this court. The verdict of the jury and the judgment and sentence of the court is not void, and it follows that the petitioner is not entitled to a discharge by habeas corpus, and the petition is therefore dismissed.

BESSEY, P. J., and DOYLE, J., concur.