State v. Adler.

No. 26,149.

THE STATE OF KANSAS, *Appellee*, v. LOUIS ADLER and EDNA ADLER,
*Appellants*.

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Amendment of Information—Description of Premises*. In a prosecution under the nuisance clause of the prohibitory law it is reversible error to permit an amendment of the information after the trial has begun so that it describes entirely different premises from those the defendant was originally charged with keeping.

2. SAME—*Evidence—Admissibility and Sufficiency*. It is held that the evidence was sufficient to support a conviction on a charge of having possession of intoxicating liquor, and that where a large quantity of liquor was found hidden on the defendants' home place, evidence of the finding of other liquor was not rendered inadmissible because it was concealed in an adjoining highway.

3. SAME—*Evidence—Admissibility—Reputation of Premises*. The admission of evidence of the bad reputation in police circles of the home place of the defendants, as one where intoxicating liquors were kept for sale, is held not to have been prejudicial under the facts of the case.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed December 5, 1925. Affirmed in part and reversed in part.

*Benjamin F. Endres* and *Keefe O'Keefe*, both of Leavenworth, for the appellants.

*C. B. Griffith*, attorney-general, *Malcolm McNaughton*, county attorney, and *William D. Reilly*, assistant county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: Louis Adler and Edna Adler, his wife, appeal from a conviction for violations of the prohibitory law.

1. They were charged in one count with maintaining a liquor nuisance—a place where intoxicating liquors were kept and sold. After the jury had been sworn and evidence had been introduced, the information was amended by changing the description given of the place. For that reason the defendants ask a reversal of the conviction on this count. The description of the place as given in the original information reads:

"In the two-story frame building and places appurtenant thereto known and designated as number ——— street, situated on lot 26, block 6, Neely's Forest addition in the city of Leavenworth."

1. Criminal Law, 17 C. J. § 3625.  2. Intoxicating Liquors, 33 C. J. §§ 494, 505.  3. Criminal Law, 17 C. J. § 3662.

By the amendment there was substituted for the words quoted the following:

"In the two-story frame building and places appurtenant thereto, situated on all that part of Tanner's addition to the city of Leavenworth, Kan., lying west of the Atchison, Topeka & Santa Fe railroad and between Santa Fe and Thornton streets in the city of Leavenworth."

Neely's Forest addition adjoins Garland street on the west. It extends about half a mile north and south and a quarter of a mile east and west. Lot 26, in block 6, appears to be the size of an ordinary residence lot, lying a little east of the center of the addition. The part of Tanner's addition west of the railroad and between Santa Fe and Thornton streets is a triangular tract adjoining Garland street on the east, opposite the north half of Neely's Forest addition. The Adlers' home appears to occupy about an acre fronting on Garland street near the north end of this tract. A deputy sheriff who went to the records to get the legal description of the Adler place seems to have been given an erroneous description. The places indicated by the two descriptions are something like a quarter of a mile apart. There is nothing in the record to show whether or not there is a two-story building on the lot described in the original information.

In a prosecution under the nuisance clause of the prohibitory law a description of the place the defendant is charged with keeping is essential. (R. S. 21-2121; *City of Kansas City v. Smith,* 57 Kan. 434, 46 Pac. 710.) If the original information had contained a description of the premises so as to admit of their identification apart from the addition, block and lot given, doubtless it would have been sufficient, and the latter might have been rejected as surplusage (*State v. Sterns,* 28 Kan. 154), just as a clerical error in giving a number which is a part of a description may sometimes be ignored (*State v. Butler,* 85 Kan. 802, 118 Pac. 877), or a mistake in stating the material of which a house is composed (*City of Salina v. Snead,* 94 Kan. 210, 146 Pac. 329). The reference to the two-story frame house, however, cannot serve to identify the premises intended as those of the Adlers, in view of the complete misdescription thereof that followed.

The statute permits amendment to an information "in matter of substance or form at any time before the defendant pleads, without leave"; and "on the trial as to all matters of form, at the discretion of the court, when the same can be done without prejudice to the

rights of the defendant." (R. S. 62-808.) This court has already expressed its inability to perceive "how any amendment of form, as distinguished from substance, can ever prejudice a defendant." (*State v. Fleeman*, 102 Kan. 670, 171 Pac. 618.) But here the description of the place being required by statute cannot be considered a matter of form. If the amendment had been made after the plea of not guilty had been entered but before the jury had been empaneled—before jeopardy had attached—the amendment could properly have been allowed. (*State v. Chance*, 82 Kan. 392, 108 Pac. 791.) But a change in an essential part of the charge could not rightfully be made after the introduction of evidence had begun. (*State v. Bundy*, 71 Kan. 779, 81 Pac. 459.) So far as concerns the nuisance count a reversal must be ordered.

2. The defendants were also convicted of having intoxicating liquor in their possession. Thirteen five-gallon containers of whisky were found hidden in a barn on the Adler premises, which were claimed by them, however, to have been leased to some one else—a claim which the jury were warranted in discrediting. Other five-gallon bottles of whisky were also found along a fence under garbage cans in the street abutting on the Adler place, and in a neighboring ditch. The contention is made that there was no evidence of any of this liquor having been in the possession of the defendants, and particularly of Mrs. Adler. There was evidence fairly open to interpretation as showing an effort on the part of both to bribe the officers to abandon the raid and let them alone, after liquor had been discovered in the barn, and this with other circumstances warranted the verdict rendered. Complaint is made of the refusal to withdraw from the consideration of the jury the evidence concerning liquor found in the street. There was abundant room for the inference that this was a part of the general stock, and the fact that the defendants did not own the highway where it was concealed does not militate against their possession.

3. The officer who found the twelve five-gallon containers of whisky in the barn was asked while on the stand: "Please state whether or not you know what the reputation of Louis Adler's place is in police circles for being a place where intoxicating liquors are kept for sale." Over the objection of the defendants he was permitted to answer in the affirmative, and to say that it was bad. Complaint is made of the admission of this evidence. We think that it was erroneous, but not prejudicial. It was obviously directed to

the issue concerning the maintenance of a nuisance, the conviction upon which we have already held must be set aside. But regarded as applicable to the count now under consideration, we think there is no substantial probability of its having affected the result. The witness had already been permitted to testify without objection that he had previously been out to Adler's place several times on the same information. The question related to the reputation of the place at the time of the trial. The quantity of liquor shown to have been found there, the finding not being disputed, placed beyond serious question the fact that somebody was keeping it there for sale, the real question to be tried being whether it was the Adlers or some one else. Moreover, the charge being the possession of liquor, it was immaterial for what purpose it was kept. And the established fact that considerably over sixty-five gallons of whisky were unquestionably found at the Adlers, makes the circumstance that in police circles the place had a bad reputation in respect to liquor being kept there one of small moment, which cannot reasonably be thought to have influenced the verdict.

The judgment is reversed as to the nuisance count and affirmed as to that charging possession of intoxicating liquors.