## Ex parte B. E. ANDREWS.

No. A-6758.  Opinion Filed Feb. 29, 1928.
(264 Pac. 638.)

Walter Mathews, for petitioner.

Smith C. Matson, Asst. Atty. Gen., for respondent.

PER CURIAM.  Petitioner alleges that he is un-

lawfully imprisoned in the county jail of Lincoln county by M. T. Ridpath, sheriff of said county; that he appeared before the county court of said county in the cause styled State of Oklahoma v. B. E. Andrews, No. 3392, wherein he is accused of a violation of the prohibitory law; that he was admitted to bail in the sum of $500; that his bond was filed and approved; that said cause has been continued from term to term on his motion; that on the 16th day of August, 1927, he was apprehended by the sheriff aforesaid and brought before the court, when said court made an order that he give additional bail in the sum of $1,000, and ordered petitioner committed to jail until such additional bail is given; that by virtue of this order he is now held in custody; and that said bail in the sum of $1,000 is unreasonable and excessive.

For the purpose of an application to reduce bail on habeas corpus, after information filed, the courts must assume that the defendant is guilty of the offense charged. Ex parte McClellan, 1 Okla. Cr. 299, 97 P. 1019.

The doctrine is well settled that this court will not grant a reduction of bail on habeas corpus unless the amount fixed is clearly excessive. Ex parte Caveness, 3 Okla. Cr. 205, 105 P. 184.

It follows that the demurrer interposed to the petition should be sustained. It is so ordered, and the cause dismissed.