## EX PARTE CHARLES F. SNEED.

No. A-6853. Opinion Filed Jan. 25, 1930.
(287 Pac. 1062.)

54

Frank H. Griggs, for petitioner.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The petitioner, Charles F. Sneed, was found guilty in the district court of Tulsa county of the crime of murder, and sentenced to life imprisonment in the state penitentiary at McAlester.

On December 22, 1927, petitioner filed his petition in this court praying the issuance of a writ of habeas corpus. On presentation of the petition, a rule to show cause was issued to the respondent, John Q. Newell, warden of the state penitentiary, returnable January 9, 1928. On January 16, 1928, the respondent filed his response to the rule.

The petitioner contends that the trial court never acquired jurisdiction of the case because the information filed on July 26, 1923, charged that the offense was committed on November 15, 1923, and November 17, 1922, and further that the information did not state facts sufficient to charge the petitioner with any crime under the laws of this state. These questions cannot be considered by this court.

An examination of the record discloses that the information did charge the petitioner with the commission of the offense for which he was convicted. The district

court of Tulsa county did have jurisdiction to try the defendant upon such charge, and the judgment and sentence are within the jurisdiction of said court and in conformity to law.

This court on habeas corpus will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure or errors in law on questions over which the court had jurisdiction. The writ of habeas corpus cannot be used to perform the office of a writ of error on appeal, and should be limited to cases in which the judgment and sentence of the court attacked is clearly void. Ex parte Justus, 3 Okla. Cr. 111, 104 Pac. 933, 25 L. R. A. (N.S.) 483; In re Talley, 4 Okla. Cr. 399, 112 Pac. 36, 31 L. R. A. (N.S.) 805; Ex parte Rupert, 6 Okla. Cr. 90, 116 Pac. 350; Ex parte Lair, 29 Okla. Cr. 282, 233 Pac. 789; Ex parte Dunn, 33 Okla. Cr. 190, 242 Pac. 574; Ex parte Hollingshead, 24 Okla. Cr. 131, 216 Pac. 486.

Where petitioner is imprisoned under a judgment of conviction for crime, unless the court was without jurisdiction to render the particular judgment and the judgment is void and not merely voidable, relief cannot be had by habeas corpus, however numerous and gross may have been the errors committed during the trial or in the proceedings preliminary thereto. Ex parte Ambler, 11 Okla. Cr. 449, 148 Pac. 1061; Ex parte Hollingshead, 24 Okla. Cr. 131, 216 Pac. 486.

A judgment by a court of competent jurisdiction, valid on its face, is an unanswerable return to a writ of habeas corpus issued for the relief of a prisoner imprisoned by virtue of such judgment. In re McNaught, 1 Okla. Cr. 529, 99 Pac. 241; Ex parte Caveness, 3 Okla. Cr. 205, 105 Pac. 184; Ex parte Hanners, 28 Okla. Cr. 203, 230 Pac. 281.

The state has filed a demurrer to petitioner's application on the ground that the petition does not state facts sufficient to entitle the petitioner to the relief prayed for.

The petition not stating facts sufficient to entitle the petitioner to the relief prayed for, the writ is denied.

EDWARDS, P. J., and DAVENPORT, J., concur.