## Ex parte NEWT BAKER.

No. A-8729. Aug. 10, 1934.
(35 Pac. [2d] 285.)

Newt Baker, in pro. per.

The Attorney General, for the State.

CHAPPELL, J.   Newt Baker filed his petition in this court for a writ of habeas corpus, alleging he was illegally restrained of his liberty by S. E. Brown, warden of the Oklahoma State Penitentiary at McAlester.

Petitioner alleges he pleaded guilty to the charge of possession of morphine, and was sentenced upon such plea to serve a term of three years in the state penitentiary; to pay a fine of $500 and costs of $50.90; and that upon failure of petitioner to pay the costs that he be confined in the state penitentiary one day for each dollar of the costs unpaid.

Petitioner further alleges that he has served the time required by law to complete his sentence of three years and has served one day additional for each dollar of costs, but alleges that, since the commitment does not command him to be imprisoned at the rate of $1 per day until the fine has been thus paid, he is therefore entitled to be discharged without serving time for the fine.

Petitioner attached to his application a copy of the commitment, which contains the following language:

"It is therefore considered, ordered, adjudged and decreed by the court that you, the said Newt Baker, are guilty of the crime of possession of morphine and that you be committed to be imprisoned in the state penitentiary at McAlester, in the State of Oklahoma, and be confined in said penitentiary for a term of three years and fine of $500, at hard labor for said offense of possession of morphine."

A judgment by a court of competent jurisdiction valid on its face is an unanswerable return to a writ of habeas corpus issued for the release of a prisoner imprisoned by order of said judgment. Ex parte Caveness, 3 Okla. Cr. 205, 105 Pac. 184; Ex parte Hanners, 28 Okla. Cr. 203, 230 Pac. 281.

The language in the commitment, a copy of which is attached to petitioner's application, is that defendant be committed "for a term of three years and fine of $500," which is broad enough to require his commitment until the fine is paid.

The writ is therefore denied.

EDWARDS, P. J., and DAVENPORT, J., concur.