Ex parte R. D. SUTTON.

No. A-9616. April 21, 1939.
(89 P. 2d 999.)

H. J. Mackey, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Jim Gowdy, Asst. Municipal Counselor, and Jack Spivey, Police Atty., both of Oklahoma City, for the State.

BAREFOOT, J. Petitioner has filed in this court an application for writ of habeas corpus. A rule to show cause was issued and response to the petition was filed by the chief of police of Oklahoma City, and the application was heard upon its merits, and submitted, and briefs were to be filed. Respondent has filed brief but none has been filed by petitioner.

The record reveals that petitioner was arrested and charged in the police court of Oklahoma City, Okla., with the crime of being drunk in a public place. The complaint filed against petitioner was as follows:

"* * * that on the 26th day of March, 1939, in the city of Oklahoma City, in Oklahoma county and state of Oklahoma, one R. D. Sutton, did then and there unlawfully and contrary to the Ordinances of the city commit the offense of drunkenness in the public place to wit; (Written in ink) 800 block N. Robinson."

Petitioner appeared by counsel and his case was tried in the municipal court of Oklahoma City, where he was found guilty, and a fine of $10, and $1 cost was assessed against him. In default of payment of such fine and cost, he was committed to the city jail, and then sued out a writ of habeas corpus in the district court of Oklahoma county, and when the same was denied, he made application for a writ of habeas corpus in this court.

Petitioner's contention is that at the time he was tried in the municipal court, the complaint contained the words, "drunkenness in a public place," and did not contain the words, "800 block N. Robinson," which last words, it is contended, were written into the complaint when the writ was sued out in the district court. Petitioner contends that by reason of the above facts that said complaint does not charge him with the commission of any crime known to

the law, and was not sufficient to give the court jurisdiction to render judgment and sentence.

Two questions arise with reference to the above contention:

(1) Is the complaint sufficient, and;

(2) If the complaint was not sufficient, and was indefinite and incomplete, is applicant entitled to relief by habeas corpus?

In the first place, it is well recognized that strict rules of pleadings as applied to indictments and informations are not applied to complaints for violations of municipal ordinances. The general rule is that the complaint before a municipal court for violation of a city ordinance must only aver with reasonable certainty all material facts necessary to be proven to warrant a conviction. To the response a copy of the complaint is attached. It alleges:

"* * * That on the 26th day of March, 1939, in the city of Oklahoma City, in Oklahoma county and state of Oklahoma, one R. D. Sutton, did * * * contrary to the ordinances of the city commit the offense of drunkenness in a public place."

While it would have been better practice to have further alleged the exact place if it was known, yet it was not necessary to so state for the reason that drunkenness "in the city of Oklahoma City," provided it be proven that the drunkenness was in a "public place" was sufficient. It made no difference where it was, provided it was "in Oklahoma City," and was in a "public place."

In the county courts where an information is for keeping a place for the unlawful sale of liquor, or maintaining a liquor nuisance, or a similar offense, or if such place is to be abated as a nuisance, it should be described with particularity, but where the prosecution is against the person only, and the only question presented is the personal guilt of the defendant, a particular description of such place is unnecessary. State v. Wheeler, 38 N. D. 456,

165 N. W. 574; State v. White, 21 N. D. 444, 131 N. W. 261; State v. Butler, 85 Kan. 802, 118 P. 877; 33 C. J. 717.

In the second place, this application shows that the defendant was present in the municipal court and was represented by counsel. No demurrer or motion was interposed to the complaint on file. A plea of not guilty was entered. No attempt to appeal the case was made, but a writ of habeas corpus was sued out, asking for the outright release of defendant.

In the case of City of Cincinnati v. Schill, 125 Ohio St. 57, 180 N. E. 545, 546, the Supreme Court of Ohio, says:

"This court has always held, and continues to hold, than an accused person is entitled to be fairly informed as to the nature of the complaint made against him. Any other holding would forestall an intelligent defense; but if an accused person feels that the charge filed against him is vague, indefinite, and uncertain, and that he is prejudiced thereby, he must not enter his plea, sit smugly through his trial, and complain for the first time by the interposition of a motion in arrest of judgment—and this is especially true where the accused is charged by affidavit with the violation of a municipal ordinance, which affidavit charges the offense in the exact words of the ordinance."

This decision was upon an appeal and was not asking for an outright release by habeas corpus. Dennis v. Town of Walnut Grove, 157 Miss. 797, 128 So. 557.

This court has often held that on habeas corpus it will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure, or errors of law over which the court had jurisdiction. The writ of habeas corpus can not be used to perform the office of a writ of error on appeal, and should be limited to cases in which the judgment and sentence of the court attacked is clearly void. Ex parte Rupert, 6 Okla. Cr. 90, 116 P. 350; In re Talley, 4 Okla. Cr. 398, 112 P. 36, 31 L.R.A., N. S., 805; Ex parte Lair, 29 Okla. Cr. 282, 233 P. 789; Ex parte Hollingshead, 24 Okla. Cr. 131, 216 P. 486.

We do not think the judgment and sentence entered in this case was void, and for the reasons stated, the writ will be denied and petitioner remanded to the custody of Granville Scanland, chief of police of the city of Oklahoma City, Oklahoma, until the fine and cost in the case against him are fully satisfied.

DOYLE, P. J., and DAVENPORT, J., concur.