## Ex parte W. C. JONES.

No. A-10148.   Nov. 19, 1941.
(119 P. 2d 254.)

B. C. Franklin, of Tulsa, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

BAREFOOT, P. J.   Petitioner, W. C. Jones, who is now confined in the penitentiary at McAlester where he is serving a sentence of life imprisonment from Tulsa county, Okla., upon a conviction of manslaughter in the first degree, has filed his petition for writ of habeas corpus.   His contention is that on the 16th day of August, 1933, an information was filed in the district court of Tulsa county charging petitioner with the crime of murder.   That on the 30th day of October, 1933, a jury returned a verdict of "guilty of manslaughter in the first degree."   That in pursuance of such verdict the court entered a judgment sentencing petitioner to imprisonment "in the state penitentiary at McAlester in the state of Oklahoma and be confined in said penitentiary for the rest of his natural life for said offense of manslaughter," etc.

It is the contention of petitioner that said judgment and sentence is void and that he is entitled to be discharged because "there is no statutory authorization' therefor." It is contended in the brief in support of said petition that the court did not have the authority or right to enter a sentence against petitioner for "life imprisonment" where he had been convicted of manslaughter in the first degree; that a life imprisonment sentence can only be given when one is convicted of murder. In support of this contention petitioner cites and relies upon Oklahoma Statutes 1931, section 2227, O. S. A. title 21, § 715, which provides:

"Every person guilty of manslaughter in the first degree is punishable by imprisonment in the penitentiary for not less than four years."

In this connection petitioner has failed to consider Oklahoma Statutes 1931, section 3138, O. S. A. title 21, § 62, which provides:

"Whenever any person is declared punishable for a crime by imprisonment in the penitentiary for a term not less than any specified number of years, and no limit to the duration of such imprisonment is declared, the court authorized to pronounce judgment upon such conviction may, in its discretion, sentence such offender to imprisonment during his natural life, or for any number of years not less than such as are prescribed."

This statute has been construed by the Territorial Supreme Court in the case of Baysinger v. Territory, 15 Okla. 386, 82 P. 728, 732. In this case the court said:

"This statute was not called to the attention of the court when the case of Jones v. Territory, 4 Okla. 45, 43 P. 1072, was decided, and the writer of the opinion either overlooked or had not discovered it, and it was not cited in that case. Jones was not sentenced for life, but the same argument was there made as in this case—that the court had no power to assess a punishment which would,

according to the ordinary expectancy of life, equal a life punishment. In that case the court reached the right conclusion without reference to this statute. The punishment prescribed for manslaughter in the first degree comes squarely within the terms of the section quoted supra. The imprisonment must be for a term not less than a specified number of years, and no limit to the duration of such imprisonment is declared; hence the court is in its discretion authorized to sentence such offender to imprisonment for life or for any number of years not less than four. The court fixed the term of imprisonment at 25 years, which was clearly within the statutory authority and discretion of the court."

See, also, Ex parte Lair, 29 Okla. Cr. 282, 233 P. 789; People v. Brooks, 65 Cal. 295, 4 P. 7; People v. Winthrop, 118 Cal. 85, 50 P. 390.

In accordance with these opinions, which we think clearly state the law, and the terms of the above statute, the writ of habeas corpus of petitioner is hereby denied.

JONES and DOYLE, JJ., concur.